Mr. Paul D. Selby, Chairman Ashley County Election Commission P.O. Box 111 Hamburg, Arkansas 71646
Dear Mr. Selby:
This is in response to your request for an opinion on several questions concerning the outcome of the recent school election in the Hamburg School District. Specifically, you note that the District now has five "zones" for the election of school directors, which were all included, in the recent election, in one election precinct. The only contested elections for directors were in zones three and five. Separate tables were set up for each of these zones, with two voting machines used for each zone three and zone five. A different table and two voting machines were set up for the remaining zones one, two and four. You note that the poll workers were provided with maps of the zones and were to check each voter to determine in which zone he or she resided for voting purposes. You note that there have been numerous complaints since the election that several persons may have either voted in the wrong zones or were prohibited from voting in the correct zone. In this regard you have attached a letter to your request from a local attorney detailing specific instances of improper votes. You indicate that the losing candidates are contacting you with certain questions, the answers to which you have been unable to determine. You note that if an election contest is filed, it must be done within twenty days of September 19, 1995. You therefore ask my expedited opinion on the following questions:
 1. Does the Election Commission have the power to declare the results of the school board election void and set a new election on its own or must the aggrieved parties file a formal election contest in Circuit Court per A.C.A. § 6-14-116?
 2. If an election contest is filed, who are the proper defendants? Is it the Election Commission, the Hamburg School District, both, or otherwise?
 3. Per [the attached letter from the attorney] must the aggrieved parties contest the election generally or can they simply question the validity of particular votes?
 4. Given that the Commission has signed the election certification as of September 20, what is the current make-up of the school board? If an election contest is filed, does that change the current make-up of the school board in any way?
In response to your first question it is my opinion that the Election Commission does not have the authority to declare the results of the school board election void and set a new election. See Files v. Hill,268 Ark. 106, 594 S.W.2d 836 (1980) (stating that a board of election commissioners has no power to call or hold a new election, and thus a court could not order it to do so through mandamus). See also State v.Craighead County Board of Election Commissioners, 300 Ark. 405,779 S.W.2d 169 (1989) (duties of board of elections commissioners are ministerial, and it does not have authority to consider disputed facts, make findings and act as a judicial tribunal); and Byrd v. Short,228 Ark. 369, 307 S.W.2d 871 (1958) (stating that election commissioners do not have authority to ascertain facts which do not clearly appear from the election materials or authority to go beyond their official knowledge). In my opinion, therefore, the aggrieved parties must pursue their judicial remedies.
I must note, in response to your second question, that it is not the function of this office to advise private attorneys as to who the proper party defendants are in a contemplated lawsuit, and this opinion should not be relied upon for that purpose. Because you, as chairman of an election commission, however, may be concerned as to whether you will be named as a party if such a lawsuit materializes, I will inform you that in cases of election contests where the unsuccessful candidate sues to be declared the lawful winner of the election, the county board of election commissioners is not the proper party defendant. See Rubens v. Hodges,310 Ark. 451, 837 S.W.2d 465 (1992), and Loyd v. Keathley, 284 Ark. 391,682 S.W.2d 739 (1985). In such cases the unsuccessful candidate sues the successful candidate, and asks the court to declare him the true lawful winner. The unsuccessful candidate must plead that he or she received a majority of the lawful votes cast.
In cases where a voiding of the entire election is sought, the issue is less clear, but it appears that the county board of election commissioners should be named as a defendant. See Rubens, supra. The test for proving such cases is more general, and according to my research, has rarely been met. See Files, supra, and Lewelling v. Mansfield SchoolDistrict No. 76, 240 Ark. 237, 398 S.W.2d 665 (1966).
In response to your third question, again, it is not my function to advise private attorneys how to file their lawsuits, but I can inform you, generally, in accordance with my conclusions in response to your second question above, that an unsuccessful candidate may question the validity of particular votes and ask the circuit court to declare him the true winner of the election without the necessity of naming the county board of election commissioners as a defendant and attempting to void the entire election. See Rubens, supra. Many such cases have been entertained and upheld by Arkansas courts. See, e.g., Loyd, supra.
In response to your fourth question, if, as you note, the Board of Election Commissioners has signed the election certification certifying the successful candidates, these candidates are to take their oaths of office within ten days after receiving notice of their election pursuant to A.C.A. § 6-13-617, and upon receipt of the oath by the county clerk "shall enter at once upon their duties." See A.C.A. § 6-13-617(b). If these actions have occurred, the successful candidates at the election are members of the school board. They will remain so, unless and until the circuit court enters an order declaring the putative plaintiffs to be the winners of the election and placing them in office. See generally,Loyd, supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh